IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA XIONG, | ) | |
| | ) | Civil Action No. 20 – 214J |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| VICKIE MOSER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**[1]

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Sa Xiong ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition seeks release to home confinement under § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020). For the following reasons, the Petition will be dismissed.

A.  **Background**

Petitioner is an inmate at the Federal Correctional Institution Loretto ("FCI-Loretto"), serving a term of 120 months imprisonment imposed by the United States District Court for the Eastern District of Wisconsin (the "Sentencing Court") on September 21, 2015, after pleading guilty to one count of Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 846 and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 7 & 13.

1

841(b)(1)(A). *See* United States v. Xiong, No. 1:15-cr-00042, ECF No. 47 (E.D. Wis.); *see also* Resp't Exh. 2, ECF No. 14-7. On June 27, 2020, Petitioner submitted an "Inmate Request for Compassionate Release Consideration Form" to his unit team at FCI-Loretto. (Resp't Attach. C, ECF No. 14-4.) In doing so, Petitioner claimed to suffer from a "Debilitated Medical Condition," and asked Respondent for a "compassionate release," or a "transfer . . . to home confinement for the remainder of [his] sentence." Id., p.1. More specifically, Petitioner argued that, as he suffered from obesity, diabetes, and hypertension, he was at "high risk for infection or severe illness," and claimed to meet at least some of the criteria for compassionate release or home confinement. Id., p.3. On July 8, 2020, Respondent denied Petitioner's request. Id., p.4. In her response letter, Respondent explained that, because Petitioner had not been "diagnosed with an incurable, progressive illness" and did not suffer "from a debilitating injury," he was "not eligible for a Compassionate Release due to a Debilitated Medical Condition," and because Petitioner had a "medium risk recidivism level," he would not "receive priority consideration for home confinement." Id. Respondent then made clear that Petitioner had the right to appeal the denial and could do so "through the Administrative Remedy Program or . . . directly to the Sentencing Court for the Compassionate Release/Reduction in Sentence . . . ." Id. Petitioner, however, never filed an appeal through the Federal Bureau of Prison's ("BOP") administrative remedy process or filed a motion seeking compassionate release or reduction in his sentence with his Sentencing Court pursuant to the First Step Act.[2] *See* Resp't Exh. 1, ECF No. 14-1, ¶ 7;

---

[2] Petitioner did, however, file a Motion to Appoint Counsel with the Sentencing Court on August 6, 2020, seeking the assistance of counsel in filing a motion for compassionate release. The Sentencing Court denied his Motion on August 19, 2020, informing Petitioner that he could file his own motion for compassionate release and the Federal Defender Services would be automatically notified. *See* United States v. Xiong, No. 1:15-cr-00042, ECF Nos. 63 & 64 (E.D. Wis.).

2

Resp't Attach. D, ECF No. 14-5; *see also* United States v. Xiong, No. 1:15-cr-00042 (E.D. Wis.).

Petitioner initiated the instant habeas proceedings on or about October 22, 2020. ECF No. 1. In his Petition and documents filed in support thereof, Petitioner claims that he should be released to home confinement under the CARES Act because he meets the Federal BOP's qualifications and because the BOP has already approved him for home confinement as evidenced by his case and unit managers' signatures on his "Home Confinement and Community Control Agreement," "Community Based Program Agreement," and "Supervision Release Plan." *See* ECF Nos. 1, 1-1, 1-2, 2. On December 16, 2020, before a response to the Petition was due, Petitioner informed the Court through correspondence that he had recently tested positive for COVID-19 and was "experiencing fevers, congestion . . . fatigue, headaches, body aches, and confusion." ECF No. 8. Respondent filed a Response to the Petition on February 3, 2021, and Petitioner filed a Reply thereto on February 24, 2021. ECF Nos. 14, 15. The Petition is now ripe for review.

B.   **Discussion**

In his Petition, Petitioner is challenging the BOP's denial of his release to home confinement, claiming that he qualifies for release pursuant to § 12003(b)(2) of the CARES Act and the Memorandums issued by the Attorney General on March 26, 2020 and April 3, 2020. As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting the BOP to expand the use of home confinement under 18 U.S.C. § 3624(c)(2). Upon direction of the Attorney General, section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement that is set forth in 18 U.S.C. § 3642(c)(2) and authorizes the Director of the BOP to place prisoners in home confinement only during the covered emergency

period and when the Attorney General finds that the emergency conditions are materially affecting the BOP's functioning.

By Memorandum dated March 26, 2020, the Attorney General directed the BOP to "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic."[3] The Attorney General specifically directed the BOP to consider the totality of the circumstances of each inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including: the age and vulnerability of the inmate to COVID-19; the security level of the facility holding the inmate; the inmate's conduct while incarcerated; the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); whether the inmate has demonstrated the verifiable reentry plan that will prevent recidivism and maximize public safety; and the inmate's crime of conviction and assessment of the danger posed by the inmate to the community.  Id.

By Memorandum dated April 3, 2020, the Attorney General exercised authority under the CARES Act to further increase home confinement and authorized the Director of the BOP to immediately maximize transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elton, and other similarly situated Bureau facilities where COVID-19 was materially affecting operations.[4]

---

[3] *See* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last visited March 24, 2021).

[4] *See* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last visited March 24, 2021).

On April 5, 2020, the BOP gave the following guidance on COVID-19 and home confinement:[5]

> Inmates do not need to apply to be considered for home confinement. Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General on March 26, 2020 and April 3, 2020. The Department has also increased resources to review and make appropriate determinations as soon as possible.
>
> While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager. The BOP may contact family members to gather needed information when making decisions concerning Home Confinement placement.

As he did when he sought release to home confinement by request filed to Respondent on June 27, 2020, Petitioner claims in his Petition that he is eligible for home confinement under the CARES Act and the Attorney General's Memorandums because his obesity and diabetes make him particularly vulnerable to COVID-19. Respondent submits that the Petition must be dismissed because Petitioner did not exhaust his available administrative remedies, and that even if he had, this Court does not have the authority to overturn her decision to deny Petitioner release to home confinement.

### 1.     **Exhaustion of Administrative Remedies**

Although there is no statutory exhaustion requirement attached to 28 U.S.C. § 2241, there is a judicially created exhaustion requirement for habeas petitions brought under that section. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986), Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)). Courts in this Circuit have recognized that a petitioner challenging the fact,

---

[5] *See* https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last visited March 24, 2021).

duration, or execution of his sentence – including a request for release to home confinement – must first demonstrate that he has fully exhausted his available administrative remedies. *See*, *e.g.*, Adams v. Trate, 2020 WL 7337806, at *2 (W.D. Pa. Dec. 14, 2020) (denying habeas petition for petitioner's failure to exhaust his administrative remedies after his request for home confinement was denied); Chaparro v. Ortiz, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (dismissing for failure to exhaust administrative remedies habeas petition requesting release to home confinement under the CARES Act); Gottstein v. Finley, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020) (dismissing without prejudice for his failure to exhaust his administrative remedies petitioner's habeas petition requesting immediate release to home confinement under the CARES Act); Cordaro v. Finley, 2020 WL 2084960, at *5 (M.D. Pa. Apr. 3, 2020) (dismissing without prejudice petitioner's habeas petition for his failure to exhaust his administrative remedies after his request for home confinement under the CARES Act was denied by respondent); Furando v. Ortiz, 2020 WL 1922357 (D.N.J. Apr. 21, 2020) (dismissing without prejudice habeas petition seeking immediate release to home confinement under the CARES Act due to his failure to exhaust his BOP administrative remedies).  To do so, the inmate must satisfy the multi-layered administrative process set forth at 28 C.F.R. §§ 542.10-18.  That process requires the inmate to: (1) file a complaint with the warden of his institution within twenty days of the action forming the basis of the complaint; (2) appeal any denial of that initial complaint to the BOP's Regional Director; and (3) appeal any denial by the Regional Director to the BOP's Office of General Counsel. Id., §§ 542.14-15.  The Third Circuit has stated that exhaustion is required for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to

correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).  The Third Circuit recently reiterated that "strict compliance with . . . exhaustion requirement[s] takes on added – and critical – importance" during the current pandemic "[g]iven the BOP's shared desire for a safe and healthy prison environment."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Petitioner did not exhaust all of his available administrative remedies challenging Respondent's July 8, 2020 denial of his release to home confinement, and his argument that any appeal of her decision became moot upon his signing of his "release documents" is unavailing since all inmates were reviewed by their unit team for home confinement suitability and the "release documents" to which Petitioner refers are merely documents that he and his unit team were required to sign in order for him participate in home confinement *if he was approved by the BOP*.  Petitioner, however, was not approved for home confinement and he was specifically advised that he could appeal Respondent's denial either through the administrative remedy process or directly to the Sentencing Court via a motion for compassionate release/reduction in sentence under the First Step Act.[6]  He did neither.  As such, Petitioner did not exhaust his administrative remedies and there is no basis to excuse his failure to do so.  For this reason, his Petition will be dismissed.

---

[6] The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  However, before they make such requests, defendants must at least ask the BOP to do so on their behalf and give BOP thirty days to respond.  *See* § 3582(c)(1)(A).  And, even then, "[s]ection 3582's text requires [motions for compassionate release] to be addressed to the sentencing court[.]"  *See* Raia, 954 F.3d at 596.

### 2. The BOP's Denial of Home Confinement is Not Subject to Review by this Court

Even if Petitioner had exhausted his administrative remedies, the Court notes that the Petition would nevertheless be subject to dismissal because the Court has no authority to order Petitioner to serve the remainder of his sentence in home confinement. In this regard, a district court generally has limited authority to modify a federally-imposed sentence once it commences. Although the First Step Act permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence, the CARES Act did not grant the district court the power to order an inmate to home confinement. *See* United States v. Calabretta, 2020 WL 6055441, at *4 (D.N.J. Oct. 14, 2020) ("The CARES Act does not empower a district court to transfer an inmate to home confinement; rather, that decision rests solely within the discretion of the BOP") (citation omitted). "Pre-release placement decisions, such as transfers to home confinement, are committed to the BOP's sole discretion." Aigebkaen v. Warden, 2020 WL 6883438, at *4 (D.N.J. Nov. 24, 2020) (citing 18 U.S.C. § 3624(c)(2)); United States v. Dunich-Kolb, 2020 WL 6537386, at *12 (D.N.J. Nov. 5, 2020) (noting that the "BOP has the first and last word" in decisions on home confinement). *See also* Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468, 470 (10th Cir. 1992) (holding prerelease custody statute "does not bestow upon federal inmates an enforceable entitlement to any particular form of prerelease custody" and provides merely "an authorization, rather than a mandate, for nonprison confinement.") The CARES Act did not remove that discretion, it only gave the Attorney General the authority to expand the class of inmates that can be released on home confinement under 18 U.S.C. § 3624(c)(2). Therefore, the Petition is also subject to dismissal because Respondent's denial of Petitioner's request for home confinement is not subject to review.

On a final note, the Court will decline to construe the Petition as a motion for compassionate release under the First Step Act since such a motion must be filed with a defendant's sentencing court and Petitioner was not sentenced by this Court.

### C.  Conclusion

Based on the aforementioned reasons, the Petition will be dismissed for Petitioner's failure to exhaust his administrative remedies and because Respondent's denial of Petitioner's request for home confinement is not subject to review.  A separate Order will issue.

Dated: March 25, 2021.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

Cc:    Sa Xiong
        13547-089
        FCI Loretto
        P.O. Box 1000
        Cresson, PA  13547

        Counsel of Record
        (*via CM/ECF electronic mail*)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA XIONG, | ) | |
| | ) | Civil Action No. 20 – 214J |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| VICKIE MOSER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

**AND NOW**, this 25th day of March 2021;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

**AND IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondent and mark this case **CLOSED**.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:  Sa Xiong
13547-089
FCI Loretto
P.O. Box 1000
Cresson, PA  13547

Counsel of Record
(*via CM/ECF electronic mail*)